IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CT-3038-FL

| | | |
|---|---|---|
| KENNETH BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GLENN MAYNOR; STEVEN LOVIN[1]; | ) | |
| C.T. STRICKLAND; ROGER TAYLOR; | ) | |
| J.J. CAMPBELL; MARK LOCKLEAR; | ) | |
| AND BUDDY MESICNEGO, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the court on the motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)[2] (DE # 19) of defendants Mark Locklear ("Locklear"), Steven Lovin ("Lovin"), Glenn Maynor ("Maynor"), C.T. Strickland ("Strickland"), and Roger Taylor ("Taylor"). Also before the court is the motion for judgment on the pleadings pursuant to Rule 12(c) (DE # 24) of defendant J.J. Campbell ("Campbell"). Finally, the matter is before the court on plaintiff's failure to obtain service on defendant Buddy Mesicnego ("Mesicnego") within one hundred twenty (120) days. Plaintiff did not respond to defendants' motions for judgment on the pleadings. In this posture, the matter is ripe for adjudication. For the following reasons, the court grants defendant's motions.

---

[1] The party identified by plaintiff as Steven Loving has informed the court that the correct spelling of his name is Steven Lovin. The court hereinafter will refer to this party as Steven Lovin.

[2] The court construes defendants motions as motions for judgment on the pleadings pursuant to Rule 12(c). See (DE # 20, p. 1.); (DE # 25, p. 1.)

## STATEMENT OF THE CASE

On February 24, 2011, plaintiff filed this action pursuant to 42 U.S.C. § 1983, against defendants. Plaintiff made the following allegations:

> On March 29, 1995 These officers came to a house across the Hi[gh]way and kicked the door in and went in. They later came over to my home and knock on the door and force themselves into my home. I ask to see a se[a]rch warrant for my home and was pushed aside as they tore my home apart. All Defendant rushed into my home with weapon drawn forcing my wife and daughter to the Floor and putting handcuff on them, and myself. Then I was taken to jail. They produce what they said were drugs from their cars and said they belong to me. I told them they were crazy but I was charge with them, even though I never saw them before and it wasn't in my home. It came out of their car. They took my property and Income and charge me with these false charges I've been in prison over for 15 years. Due to the fact no-one wanted to believe officers would do such crimes and misconduct as this."

Compl. p. 4. As relief, plaintiff seeks compensatory and punitive damages. Id.

Defendants subsequently filed their respective motions for judgment on the pleadings, arguing that plaintiff's claim is barred pursuant to the United States Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). Alternatively, defendants assert that plaintiff's action is time-barred. Although plaintiff was notified of defendants' motions, he failed to respond to either motion for judgment on the pleadings.

2

## DISCUSSION

A.  Motion for Judgment on the Pleadings

    1.  Standard of Review

Rule 12(c) allows a party to move for judgment on the pleadings, "after the pleadings are closed–but early enough not to delay trial. . . ." Fed.R.Civ.P 12(c). In reviewing a motion for judgment on the pleadings, the court applies "the same standard" as for motions made pursuant to Rule 12(b)(6). Burbach Broad Co. v. Elkins Radio Corp., 278 F.3d 401, 406 (4th Cir. 2002). Thus, when a party moves for judgment on the pleadings pursuant to Rule 12(c), the factual allegations of the complaint are taken as true, whereas those of the answer are taken as true only to the extent that they have not been denied or do not conflict with those in the complaint. Pledger v. North Carolina Dep't of Health and Human Services, 7 F. Supp. 2d 705, 707 (E.D.N.C. 1998). A federal district court considering a motion to dismiss for failure to state a claim must view the allegations of the claim in the light most favorable to the non-moving party. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

    2.  Analysis

Defendants assert that plaintiff's false arrest action is time-barred. There is no federal statute of limitations for actions brought under 42 U.S.C. § 1983. Instead, the analogous state statute of limitations applies. Burnett v. Grattan, 468 U.S. 42, 49 (1984). Specifically, the state statute of limitations for personal injury actions governs claims brought under 42 U.S.C. § 1983. See Wilson v. Garcia, 471 U.S. 261, 275-76 (1985) ("[section] 1983 claims are best characterized as personal

3

injury actions."), superseded by statute on other grounds as stated in Jones v. R.R. Daniel & Sons Co., 541 U.S. 369, 383-85 (2004). North Carolina has a three-year statute of limitations for personal injury actions. N.C. Gen. Stat. § 1-52(16); Aikens v. Ingram, 652 F.3d 496, 516 (4th Cir. 2011).

Although the limitations period for claims brought under section 1983 is borrowed from state law, the time for accrual of an action is a question of federal law. Wallace v. Kato, 594 U.S. 384, 388 (2007). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Wallace, 594 U.S. at 391.

Here, plaintiff alleges that he was unlawfully arrested on March 29, 1995.[3] Accordingly, the statute of limitations for this claim accrued on March 29, 1995, the date his injury occurred. See Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181-182 (4th Cir. 1996) ("There is no question that on the day of his arrest [the plaintiff] knew or should have known both of the injury resulting from his allegedly illegal seizure and who was responsible for any injury.") (citation omitted). Plaintiff then had three years, or until March 29, 1998, within which to file his claim against defendants. Plaintiff signed his complaint on February 19, 2011, and it was filed in this court on February 24, 2011. Because plaintiff filed this action well after the expiration of the three-year statute of limitations, his action is time-barred.

B.  Failure to Obtain Service on Mesicnego

The court has made every effort to aid plaintiff in accomplishing service on Mesicnego. On April 6, 2011, the court ordered the United States Marshal to make service on behalf of plaintiff. After, plaintiff's initial attempt at service was unsuccessful, the court ordered the North Carolina Attorney General to provide Mesicnego's current address. The North Carolina Attorney General

---

[3] Plaintiff was convicted on October 7, 1996. See http://www.doc.state.nc.us/

4

responded, and informed the court that "Human Resources does not have and has never had anyone employed by Robeson County under this name." (DE # 13, p. 2.) The court has no other method of ascertaining an address for Mesicnego. Because plaintiff has been unable to perfect service on Mesicnego within the one hundred twenty (120) day time period required by Rule 4(m) of the Federal Rules of Civil Procedure, plaintiff's claim against him is dismissed without prejudice. See Price v. Sanders, 2009 WL 2157687, 339 F. App'x 339 (July 20, 2009).

## CONCLUSION

Based upon the foregoing, defendants' motions for judgment on the pleadings (DE # 19, 24) are GRANTED. Plaintiff's claim against Mesicnego is DISMISSED without prejudice. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 14th day of June, 2012.

LOUISE W. FLANAGAN
United States District Judge

5